UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JERRY DREGIN** | **CIVIL ACTION NO. 3:17-cv-1313** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JACKSON PARISH CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jerry Dregin, a prisoner at the Jackson Parish Correctional Center II, filed a petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on October 12, 2017, attacking his confinement. He prays for his immediate release from custody, that the parties responsible for his confinement be held in contempt of court, and for $1,000 per day for pain and suffering. [Doc. 5]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

Petitioner is currently a pre-trial detainee awaiting trial on a charge of possession of a firearm by a felon. [Rec. Doc. 5] He argues that he is being held in custody without an order of the court because, as of May 9, 2017, the 15th Judicial District Court relieved him of all bond obligations. [Rec. Doc. 1-1, p. 15]

On September 20, 2017, petitioner filed a Motion to Compel in the 15th Judicial District Court, pursuant to which he asked the trial court to enforce its orders releasing him from his bond obligation and requesting the parties responsible for his continued custody be held in contempt of

court. [Rec. Doc. 5-1, p. 3] The trial court denied his motion as follows, "Denied. Must be filed by your att[orne]y of record." [*See* Rec. Doc. 5-1, p. 1]  On October 23, 2017, the Louisiana Third Circuit Court of Appeal granted Dregin's writ application seeking that court's supervisory review of the trial court's denial of his Motion to Compel.  [Rec. Doc. 5-1, p. 1] The appellate court remanded the matter to the trial court and ordered it to rule on the merits of Dregin's pleading.  The trial court has not yet issued a ruling.

Petitioner filed the instant petition for writ of habeas corpus, asking this Court to intervene in this matter.  He seeks immediate release from custody, that the parties responsible for his confinement be held in contempt of court, and $1,000 per day for pain and suffering.

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

2

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## *2. Habeas Review*

The Writ of Habeas Corpus "protect[s] . . . individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Jones v. Cunningham*, 371 U.S. 236 (1963). Upon a petitioner's successful adjudication of a Writ of Habeas Corpus, the court may grant immediate release or fashion another form of appropriate relief. *Peyton v. Rowe*, 391 U.S. 54 (1968).

Dregin filed the instant petition pursuant to 28 U.S.C. § 2254. However, a petitioner that has not been convicted in state court must raise federal claims relating to his pretrial detention under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1541, 182 L. Ed. 2d 162 (2012); *Holley v. Texas,* 194 F.3d 1309 (5th Cir. 1999).

In order to obtain habeas review under 28 U.S.C. § 2241, a petitioner must fit one of the following criteria:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

Here, petitioner is currently being prosecuted by Lafayette Parish, and alleges that his detainment at the Jackson Parish Correctional Center violates federal law. [Rec. Doc. 5 ] Therefore, his petition should be construed as being brought under 28 U.S.C. §2241, not section 2254 as filed.

### 3. *Younger Abstention*

A "[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief." *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). On the other hand, if a petitioner demonstrates "extraordinary circumstances showing a threat of irreparable injury which is both great and immediate," then a court may exercise jurisdiction. *Id.* at 764-66; see also *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. The principles of comity and federalism inspired the policy of preventing federal courts from issuing injunctions or declaratory judgment while state court proceedings were ongoing. *Kolski* at 766. This restraint has been extended to Writs of Habeas Corpus. *Id.* The Fifth Circuit explained in *Kolski* that "federal habeas relief prior to a pending state criminal trial is [no] different from the type of relief sought in *Younger*." *Id.* The court found that [t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity which underlie *Younger* are present in both. Thus, . . . [a] Petitioner must satisfy the *Younger* abstention hurdles before we may give federal habeas relief. *Id. (citing Tatzel v. Hanlon*, 530 F.2d 1205 (5th Cir. 1976); *Glenn v. Askew*, 513 F.2d 61 (5th Cir. 1975)). Ultimately, *Younger* and its progeny have established that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350,

4

364, 109 S. Ct. 2506, (1989) (*citing Younger*, 401 U.S. at 37).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (*citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)) (internal citations omitted).

First, the federal proceeding must not "interfere with an 'ongoing state judicial proceeding.'" *Bice*, 677 F.3d at 716 (*quoting Middlesex*, 457 U.S. at 432). "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Id.* at 717 (*quoting Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)). In *Younger*, the Supreme Court held that a federal court issuing an injunction preventing state prosecution would interfere with an ongoing state proceeding. 401 U.S. at 41. Like the movant in *Younger*, Dregin is still being prosecuted. On October 23, 2017, the Louisiana Third Circuit Court of Appeal granted Dregin's writ application seeking that Court's supervisory review of the trial court's denial of his Motion to Compel, seeking enforcement of the trial court's May 9, 2017, and July 31, 2017, orders releasing Dregin from his bond obligation and requesting the parties responsible for his continued custody be held in contempt of court. [Rec. Doc. 5-1, p. 1] The appellate court remanded the matter to the trial court and ordered it to rule on the merits of Dregin's pleading. The trial court has not yet issued a ruling. Thus, if the court were to release Dregin from the custody of Lafayette Parish—either

5

through granting immediate release or by issuing declaratory relief, preliminary injunction, temporary restraining order, or mandamus—the Court would interfere with the state court's ability to conduct its proceedings.

Second, the state must have "an important interest in regulating the subject matter of the claim." *Bice*, 677 F.3d at 717. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984). The Fifth Circuit has held that "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff." *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992) (*citing Younger*, 401 U.S. at 41). Because Lafayette Parish is prosecuting Dregin for possession of a firearm by convicted felon under Louisiana Revised Statute Section 14:95.1, a criminal statute, Louisiana has an important interest in regulating Dregin's claim.

Third, the plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (*quoting Middlesex,* 457 U.S. at 432). Here, petitioner has an opportunity to raise constitutional challenges in the state appellate court. In fact, he filed a Motion to Compel in the trial court and was granted supervisory writs by the Louisiana Third Circuit Court of Appeal, ordering the trial court to rule on same. Further, he will have the opportunity to appeal the trial court's decision upon receiving its ruling. He will also have the opportunity to raise any constitutional claims in the state court if he is convicted. Thus, Dregin has an opportunity to raise constitutional challenges in state proceedings.

Even if these requirements are met, a court may still exercise jurisdiction pursuant to several exceptions. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) . The *Younger*

6

exceptions include the following:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Id.* (citations omitted).

Dregin has failed to establish that any of the enumerated exceptions are applicable to the matter at hand.

The *Younger* abstention doctrine requires federal courts to decline to exercise jurisdiction when certain enumerated circumstances are present. All three conditions are met in the instant matter. A court may refuse to abstain if an exception applies, however, no exception applies here. Thus, this court must abstain from jurisdiction over Plaintiff's claims in a accordance with *Younger v. Harris*.[1]

Therefore,

**IT IS RECOMMENDED** that this Court abstain from exercising jurisdiction over petitioner's Writ of Habeas Corpus and order that Jerry Dregin's claims be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that, because this Court lacks jurisdiction,

---

[1] Due to clerical error, petitioner was sent a 42 U.S.C. §1983 form to file his complaint in this matter. [Rec. Doc. 3] He filed a Civil Rights complaint [Rec. Doc. 4] into this suit prior to correcting the filing and submitting his petition on the correct form. [Rec. Doc. 5] To the extent that plaintiff wishes to file a civil rights claim pursuant to section 1983, he must file a *new* suit. However, as the grounds supporting plaintiff's confinement have not yet been successfully challenged, and since a finding by this court in his favor would necessarily imply the invalidity of his confinement, *Heck v. Humphrey*, 512 U.S. 477 (1994) bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.

petitioner's Motion for Restraining Order [Rec. Doc. 6] is **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Monroe, Louisiana, December 21, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**